The affidavit on which it was founded states, in substance, that the plaintiff is a man of considerable influence in the county, and that, in the defendant's belief, he will exert that influence to obtain an improper verdict; that a great many persons hold freeds under him, who are subject to be turned off at his pleasure, and that such persons are not insufficiently independent of him to give the defendant a fair trial, should they be on the jury.
It highly concerns the character of a State that its courts of justice should be so organized as to afford full assurance to every suitor that his cause shall be patiently investigated and impartially decided. This principle has likewise an essential operation in preserving public order and enforcing private justice; it represses the hope of impunity, which incites evil men to the commission of crimes; promotes punctuality and fair dealing; imparts confidence to the innocent and well disposed, and diffuses amongst all classes of the community (132) that reverence for the laws and obedience to their authority without which liberty is but a name and security a shadow. The apprehension that the existing judicial system would produce injustice in cases where either party was influential in the place of trial formed one argument against its adoption, which had so much weight with the Legislature as to occasion a provision for the removal of the causes. *Page 105 
The only reason required by the first act was the suggestion upon oath of probable grounds that justice could not be had in the county where the cause was pending. Act of 1806, sec. 12. As a specification of the grounds was not rendered necessary, it was easy to make the suggestion, and the removal of causes became almost a matter of course. To remedy this the act of 1808 was passed, which requires the facts to be stated on which the belief is founded, so that the court may judge whether the inference is properly deduced. We think it very probable that the facts stated in this affidavit may deprive the defendant of a fair trial, and that the spirit of the act, and the liberal interpretation which on account of the object it aims at it certainly merits, entitle him to a removal of his cause to some other county. "The administration of justice," says Blackstone, "should not only be chaste, but should not even be suspected. A jury coming from the neighborhood has, in some respects, a great advantage, but is often liable to strong objections, especially in small jurisdictions; or where the question in dispute has an extensive local tendency; where a cry has been raised, and the passions of the multitude been inflamed; or where one of the parties is popular and the other a stranger or obnoxious."
NOTE. — See S. v. Twitty, 9 N.C. 248; Smith v. Greenlee, 14 N.C. 387;S. v. Seaborn, 15 N.C. 305.
(133)